**TRANSLATION SYSTEMS, INC.**

v.

**APPLIED TECHNOLOGY VENTURES, et al.**

Civ. No. Y–82–2736.

United States District Court, D. Maryland.

March 30, 1983.

Wallace A. Christensen, Washington, D.C., and Christopher A. Hansen, Towson, Md., for plaintiff.

William A. Hylton, Jr., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff brought this suit alleging that defendants violated provisions of the Maryland Bulk Transfer Act, Md.Com.Law Code § 6–101 *et seq.,* and the Maryland Fraudulent Conveyances Act, Md.Com.Law Code § 15–201 *et seq.* Defendants move to dismiss for want of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). After careful consideration of the parties' memoranda and supporting papers, the Court concludes that it lacks personal jurisdiction over all four defendants.

Plaintiff contends that personal jurisdiction over the defendants lies pursuant to subsections (b)(1), (b)(3) and (b)(4) of Maryland's long-arm statute, Md.Cts. & Jud. Proc.Code § 6–103. Those subsections provide that:

(b) A Court may exercise personal jurisdiction over a person, who directly or by an agent:

(1) Transacts any business or performs any character of work or service in the State; ...

(3) Causes tortious injury in the State by an act or omission in the State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State.

■ Plaintiff contends that (b)(1) applies because defendants own, control and operate a subsidiary that transacts business in Maryland. To accept plaintiff's view, the Court must "pierce the corporate veil" for the purposes of personal jurisdiction. The Court addressed the question of when it is appropriate to pierce a corporate veil

for personal jurisdiction purposes in *Finance Co. v. Bankamerica Corp.,* 493 F.Supp. 895, 903–08 (D.Md.1980). *Finance Co.* recognized that courts have gradually moved away from the formalistic approach whereby a corporate veil is pierced only if the parent and subsidiary do not maintain separate account books. In holding that the formalistic approach is no longer the law in Maryland, *Finance Co.* adopted the agency theory of personal jurisdiction. Under the agency theory a subsidiary will be attributed to its parent for personal jurisdiction purposes where the activities of the subsidiary are largely controlled by the parent. The most important inquiry in determining whether a parent exercises sufficient control over its subsidiary to justify piercing the corporate veil is whether the significant decisions of the subsidiary must be approved by the parent. In the instant case plaintiff has failed to meet its burden of proving that the significant decisions of Jacquard, defendants' subsidiary that transacts business in Maryland, are subject to the approval of the defendants. *See Quinn v. Bowmar Publishing Co.,* 445 F.Supp. 780, 785 (D.Md.1978) (burden of proving jurisdiction facts is on the plaintiff). Indeed, the record is totally silent on the question of whether and to what extent defendants control Jacquard.

■ Plaintiff's contention that personal jurisdiction lies over the defendants pursuant to (b)(3) is also unavailing. Plaintiff argues that (b)(3) is applicable because defendants failed to send the notice required by Md.Com.Law Code § 6–107. Even assuming *arguendo* that failure to comply with § 6–107 is "tortious" conduct within the meaning of (b)(3), *see United Merchants and Manufacturers, Inc. v. David & Dash, Inc.,* 439 F.Supp. 1078, 1082–83 (D.Md.1977), the defendants' failure to comply with § 6–107 was not an act or omission in Maryland. Section 6–107 provides that notice "shall be delivered personally or sent by registered or certified mail." Thus, to comply with § 6–107, defendants could have sent a letter from their home state of Cali-

fornia to plaintiff's offices in Maryland. Consequently, defendants' failure to comply with § 6–107 means that they omitted to do an act which they could have done in California. Moreover, even if the Court accepts plaintiff's contention that the omission occurred in Maryland by reason of the defendants' failure to personally deliver notice in Maryland, such an omission by nonresidents would be insufficient to satisfy the minimum contacts required by the Due Process Clause. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) (personal jurisdiction lies only when a defendant "purposely avails itself of the privilege of conducting activities in the forum State"); *International Shoe Corp. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ Plaintiff's contention that personal jurisdiction lies over the defendants pursuant to (b)(4) is also without merit. Plaintiff argues that two of the three alternative prongs of (b)(4) are satisfied in the instant case. Plaintiff relies on a letter of solicitation sent by defendants in April, 1982 to support its view that the defendants fall within the "regularly . . . solicits business" prong. Plaintiff further says that the "substantial revenue" prong is satisfied by defendants' ownership of Jacquard. Again, assuming *arguendo* that defendants' failure to comply with § 6–107 is "tortious" conduct within the meaning of (b)(4), plaintiff has not shown that either the "regularly . . . solicits business" prong or the "substantial revenue" prong has been satisfied. The April, 1982 letter of solicitation, even if sent to many businesses and individuals in Maryland, does not constitute "regular" solicitation of business. The April, 1982 letter, by its very terms, is a one-time solicitation letter. Plaintiff has not shown that defendants have ever solicited business in Maryland before or since the April, 1982 letter and thus the "regularly solicits business" prong does not apply to this case. *Cf. Greenwood v. Tides Inn, Inc.,* 504 F.Supp. 992 (D.Md.1980); *Lamprecht v. Piper Aircraft Corp.,* 262 Md. 126, 277 A.2d 272 (1971). Plaintiff has similarly failed to show that defendants meet the "substantial

revenue" prong since, as indicated above, there is insufficient evidence in the record to warrant attributing Jacquard to defendants for personal jurisdiction purposes.

For the reasons stated herein, it is this 30th day of March, 1983, by the United States District Court for the District of Maryland, ORDERED:

That defendants' motion to dismiss for want of personal jurisdiction BE, and the same IS, hereby GRANTED.